**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ZAIZONG XU,

     Petitioner,

v.

                                  Case No. 1:26-cv-01206-MIS-JHR

MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, El Paso Field Office,
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security;
TODD BLANCHE, Acting Attorney General
of the United States; and DORA CASTRO,
Otero County Processing Center,

     Respondents,

## ORDER TO SHOW CAUSE AND ENJOINING TRANSFER

This matter is before the Court on the Verified Petition for Writ of Habeas ("Petition"), filed by Zaizong Xu on April 17, 2026. ECF No. 1. Petitioner is an immigration detainee at the Otero County Detention Center. Pet. ¶ 26, ECF No. 1. Petitioner is a citizen of the People's Republic of China who entered the United States without inspection in March, 2025. Id. ¶ 25. He was apprehended within the month. See id. ¶¶ 25-26. Petitioner has remained in detention for over thirteen months. Id. ¶ 26. Petitioner has no criminal history or convictions. Id. ¶ 31. Petitioner is being held under 8 U.S.C. § 1225(b) and has not received a bond hearing. Id. ¶ 33.

Petitioner had a hearing before an Immigration Judge (IJ) on December 10, 2025 at which the IJ both granted Petitioner's asylum application and found him inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). Id. ¶¶ 27-28. DHS appealed the IJ's decision to grant asylum to the Board of Immigration Appeals and the appeal remains pending. Id. ¶ 29. No final order of removal or final denial of relief has been entered. Id.

Petitioner seeks an order enjoining transfer out of the District of New Mexico while this Petition is pending and requiring a bond hearing within seven (7) days at which the government bears the burden of justifying continued detention. Id. at 12-13. Petitioner requests immediate relief if the Government fails to provide the bond hearing. Id. at 12.

Having reviewed the record, the Petition may raise a colorable claim for relief. The Clerk's Office served Respondents with the Petition and added them as notice-recipients via CM/ECF, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 2 (D.N.M. Jan. 28, 2026). ECF No. 2.

Within ten (10) business days of entry of this Order, the United States Attorney's Office ("USAO") shall respond to the Petition and show cause why the requested relief should not be granted. The USAO's answer MUST specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings. See, e.g., Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (finding that 8 U.S.C. § 1226(a) governed the petitioner's detention and that his continued detention violated his Fifth Amendment due process rights); Khan v. Sec'y of Dep't of Homeland Sec., Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190 (D.N.M. Mar. 19, 2026) (granting habeas relief to petitioner where the presumptively reasonable six-month-period of confinement had expired and the respondents failed to rebut the petitioner's showing that there was good reason to believe that there was no significant likelihood of removal in the reasonably foreseeable future). **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

**IT IS FURTHER ORDERED** that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico and/or from removing him from the United States during the pendency of this habeas action, absent a final order of removal.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE