**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ZAIZONG XU,

      Petitioner,

v.

                                      Case No. 2:26-cv-01206-MIS-JHR

DORA CASTRO, Warden of the Otero
County Processing Center; TODD LYONS,
Acting Director, U.S. Immigration and
Customs Enforcement; MARKWAYNE
MULLIN, Secretary, U.S. Department of
Homeland Security; TODD BLANCHE,
Acting Attorney General of the United States;
and MARY DE ANDA-YBARRA, El Paso
Field Office Director, Immigration and
Customs Enforcement,

      Respondents.

**ORDER GRANTING IN PART MOTION TO SET ASIDE ORDER ENJOINING
TRANSFER AND DISMISS PETITION AS MOOT**

THIS MATTER is before the Court on the Federal Respondents' ("Respondents") Motion to Set Aside Order Enjoining Transfer and Dismiss Petition as Moot ("Motion"), ECF No. 5, filed April 24, 2026. Therein, Respondents state that Petitioner Zaizong Xu's Application for Asylum has been granted and Respondents plan to release Petitioner from detention at the Otero County Processing Center to a "halfway house." Id. at 1. Respondents ask the Court to set aside its Order to Show Cause and Enjoining Transfer—which prohibits Respondents "from transferring Petitioner to any facility outside the District of New Mexico and/or from removing him from the United States during the pendency of this habeas action, absent a final order of removal"—so they may transport Petitioner to El Paso. Id. Once Petitioner is released, Respondents seek to dismiss his habeas petition as moot. Id. at 2.

Also on April 24, 2026, the Court received an email from the attorney for the Warden of the Otero County Processing Center stating that Petitioner was to be released "in the next 5 minutes" because "[h]e has a flight to NY that he plans to take upon release[,]" but counsel did not know whether the Court's Order to Show Cause and Enjoining Transfer prohibited his release under those circumstances. Counsel for Petitioner and counsel for the Federal Respondents were copied on the email. On April 28, 2026, the Court replied to the email, asking whether Petitioner was still in detention. Petitioner's attorney responded that as of 11:00 am on April 28, 2026, Petitioner was still detained. The Court replied stating that Petitioner may be released, and that this Order would follow.

It is **HEREBY ORDERED** that Respondents' Motion to Set Aside Order Enjoining Transfer and Dismiss Petition as Moot, ECF No. 5, is **GRANTED IN PART** as follows: the Order enjoining Petitioner's transfer is **SET ASIDE** so that Respondents may release Petitioner from detention and transport him to El Paso. Respondents shall return all of Petitioner's seized belongings to Petitioner. After Petitioner has been released from detention, Respondents shall file a Notice on the docket. Once the Notice is filed, the Court will dismiss the Petition for Writ of Habeas Corpus as moot.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE